UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:16-cv-01397-SVW-SS | Date | June 16, 2016 |
|---|---|---|---|
| Title | Yahoo Center v. Liberty Mutual Insurance Company | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE | |
|---|---|---|
| Paul M. Cruz | | N/A |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| N/A | | N/A |

**Proceedings:** IN CHAMBERS ORDER GRANTING MOTION FOR SUMMARY JUDGMENT [13].

This action arises out of Defendant Liberty Mutual Insurance Company's denial of coverage for damage to Plaintiff Yahoo Center's property. Plaintiff brings two causes of action: (1) breach of contract; and (2) breach of implied covenant of good faith and fair dealing. Presently before the Court is Defendant's motion for summary judgment. (Dkt. 13). For the reasons stated below, the Court GRANTS the motion.[1]

### I. Factual Background

Plaintiff is a California company and the owner of real property located at 11913 Washington Boulevard, Los Angeles, CA 90066 ("Subject Property"). Statement of Undisputed Facts ("SUF") 1, 8. Defendant is a Massachusetts insurance company. SUF 2, 3, 8. During the relevant time in this case, Defendant issued an "All Risk Policy" ("Policy") to Plaintiff for the Subject Property. SUF 8. The Policy provided commercial property coverage and commercial general liability coverage. SUF 10.

---

[1] Upon review of the parties' briefs, the Court finds the motion suitable for determination without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. The hearing scheduled for Monday, June 20, 2016 is VACATED and OFF-CALENDAR.

Initials of Preparer PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-01397-SVW-SS | Date | June 16, 2016 |
|---|---|---|---|
| Title | *Yahoo Center v. Liberty Mutual Insurance Company* | | |

    In the "Building and Personal Property Coverage Form" section, the Policy provided an exclusion from coverage for loss or damage caused by a:

> "Dishonest or criminal act by you, any of your partners, members, officers, managers, employees (including leased employees), directors, trustees, authorized representatives or anyone to whom you entrust the property for any purpose."

SUF 11, 14 ("Entrustment Exclusion").

    On or about October 1, 2013, Plaintiff entered into a two year lease agreement for the Subject Property with Jong Ho Bak ("tenant"). SUF 15. Plaintiff contends that the tenant represented that he would use the Subject Property for online trading. In support of its contention, Plaintiff points to two sections of the lease agreement where "online trading" was written in. First, paragraph one of the lease agreement states: "PROPERTY Landlord rents to Tenant and Tenant rents from Landlord, the real property and improvements described as: *online trading* ("Premises") . . . ." (italics indicate portion that was written in). (Declaration of Lacey Rice ("Rice Decl."), Ex. B). An addendum to the lease agreement also states:

> 1 – You are responsible for any water damage and molding
> 2 – Any construction to be done needs to be city code and you are responsible for [*sic*]
> 3 – Pay water bill for the whole for building [*sic*]
> 4 – tenant is resposible for his own type of opperation and the city business permit [*sic*]
> ON-Line Trading

(Rice Decl., Ex. B).

    On December 3, 2014, the City of Culver City issued a warning notice of municipal code violations and ordered the tenant to discontinue the growing of marijuana and to vacate the premises by December 5, 2014. SUF 19, 20. When the tenant returned his key to Plaintiff on December 9, 2014, Plaintiff discovered that the tenant had left the place "ruined." SUF 23, 26, 27. Plaintiff found that walls, granite counters, sinks, wiring, electrical panels, and phone lines were either stolen or damaged. SUF 24, 25.

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-01397-SVW-SS | Date | June 16, 2016 |
|---|---|---|---|
| Title | *Yahoo Center v. Liberty Mutual Insurance Company* | | |

On December 11, 2014, Plaintiff reported the claim to Defendant. SUF 21. After conducting an investigation, Defendant denied coverage for the damage, finding that the Policy did not cover damage caused by criminal or dishonest acts done by "anyone to whom the property is entrusted," such as a tenant. SUF 41, 42.

### II. Legal Standard

Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the initial responsibility of informing the court of the basis of its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of a triable issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In determining a motion for summary judgment, all reasonable inferences from the evidence must be drawn in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A genuine issue exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," and material facts are those "that might affect the outcome of the suit under the governing law." *Id.* at 248. However, no genuine issue of fact exists "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

It is not the Court's task "to scour the record in search of a genuine issue of triable fact." *Keenan v. Allan*, 91 F.3d 1275, 1278 (9th Cir. 1996). Counsel have an obligation to lay out their support clearly. *Carmen v. San Francisco Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001).

### III. Discussion

Under California law, interpretation of an insurance policy is a question of law. *Waller v. Truck Ins. Exchange, Inc.*, 11 Cal. 4th 1, 5 (1995). "The 'clear and explicit' meaning of the[ ] provisions, interpreted in their 'ordinary and popular sense,' unless 'used by the parties in a technical sense or a special meaning is given to them by usage,' controls judicial interpretation." *Id.* at 18. While a policy provision is considered ambiguous when it is capable of two or more reasonable constructions, courts are not to "strain to create an ambiguity where none exists." *Id.* at 18-19.

| | : |
|---|---|
| | Initials of Preparer |
| | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-01397-SVW-SS | Date | June 16, 2016 |
|---|---|---|---|
| Title | *Yahoo Center v. Liberty Mutual Insurance Company* | | |

The present motion centers on the applicability of the Entrustment Exclusion referenced above and, in particular, whether Plaintiff entrusted the Subject Property to its tenant. The parties do not dispute that the damage to the Subject Property was an act of vandalism caused by Plaintiff's tenant. *See* Plaintiff's Statement of Undisputed Facts ("PSUF") 75.

The ordinary usage and definition of "entrustment" is broad and encompasses a landlord who leases property to a tenant. *See* Black's Law Dictionary (10th ed. 2014) (defining "entrust" as giving "(a person) the responsibility for something."). Courts have found this precise entrustment exclusion to be unambiguous as a matter of law and applicable to lessees. *See, e.g., Su v. New Century Ins. Servs., Inc.*, 2013 WL 5775160 (C.D. Cal. Oct. 25, 2013) (citing *Atlas Assurance Co. v. McCombs Corp.*, 146 Cal. App. 3d. 135, 144 (1983)); *Bita Trading, Inc. v. Nationwide Mut. Ins. Co.*, 2015 WL 433557 (S.D. Cal. Feb. 3, 2015); *Pacific Enterprises, LLC v. AMCO Ins. Co.*, 2015 WL 1862413 (D. Nev. Apr. 23, 2015); *Vision Financial Group, Inc. v. Midwest Family Mut. Ins. Co.*, 355 F.3d 640, 643 (7th Cir. 2004).

Plaintiff contends that it did not entrust the Subject Property to its tenant because the tenant acquired the Subject Property by fraudulent means—namely by representing that the Subject Property would be used for online trading when it was actually used for growing marijuana. Plaintiff asserts that had it known its tenant's true intentions, it would not have leased the Subject Property to him. In support of its position, Plaintiff relies primarily on the Supreme Court of California's decision in *Freedman v. Queen Ins. Co. of America*, 56 Cal.2d 454 (1961). In *Freedman*, the plaintiff was a jeweler who turned over diamonds to an imposter and sued his insurance carrier to cover the loss. *Id.* at 455. The policy was an "All Risk Policy" subject to the same entrustment exclusion. *Id.* at 456. The court found that the exclusion did not apply because the plaintiff did not entrust the diamonds to the imposter; rather, what had occurred was a theft through false impersonation. *Id.* at 457. The court explained that because entrustment requires the voluntary delivery or transfer of property, one tenable construction of the exclusion was that no valid entrustment of property can occur "where the possession of the property is acquired by means of some fraudulent device." *Id.* at 458.

The Court finds *Freedman* distinguishable for several reasons and follows the vast majority of cases that have upheld similar entrustment exclusions involving real property. First, *Freedman* involved the conversion of chattel rather than the destruction of real property, and the only court that has applied *Freedman* in the context of real property ultimately found the entrustment exclusion applicable. *See*

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-01397-SVW-SS | Date | June 16, 2016 |
|---|---|---|---|
| Title | *Yahoo Center v. Liberty Mutual Insurance Company* | | |

*United Specialty Ins. Co. v. Barry Inn Realty Inc.*, 130 F. Supp. 3d 834 (S.D.N.Y. 2015).[2] Second, *Freedman* stands for a much narrower proposition than Plaintiff contends. In *Freedman*, the court found that no entrustment had taken place in the context of a theft by false impersonation. Considering the ordinary usage of the word "entrust" (i.e., to give something to someone), a person can never intend to entrust property to an imposter. Here, there is no indication that Plaintiff entrusted the Subject Property to someone who misrepresented his identity. Rather, the alleged misrepresentation concerned the tenant's breach of Plaintiff's confidence regarding the use of the Subject Property.

Plaintiff attempts to expand *Freedman* beyond the context of an immediate conversion of chattel (i.e., theft) to preclude a finding of entrustment whenever there is fraud at the outset of any transfer of property. This position, however, conflates a breach of the confidence with which an owner transfers property to a recipient with whether an owner voluntarily transferred property to a correctly identified recipient in the first place.[3]

The Court is not persuaded by Plaintiff's position, which would draw a line between a tenant's decision to breach the confidence of an owner at the outset of a lease agreement versus at a later time during the relationship. However, even if a meaningful line could be drawn, Plaintiff has presented no evidence that its tenant intended to breach the confidence of Plaintiff from the outset. While the tenant ultimately used the Subject Property to grow marijuana, Plaintiff presents no evidence regarding when the marijuana operation began or whether the tenant ever used the Subject Property for online trading,

---

[2]   Plaintiff's reliance on *United Specialty* is unclear as the case supports Defendant's position rather than Plaintiff's. In *United Specialty*, a property owner entrusted property to a tenant who represented that he would use the property to build a bar/restaurant, but instead used it to grow marijuana. *Id.* at 836. The court found that based on the course of dealing between the property owner and the tenant (i.e., negotiating the lease, questioning the tenant about his experience in operating a bar/restaurant, and confirming the tenant's identity by way of a credit report), the property owner consented to transferring his property and it was therefore "immaterial that [the tenant] abused [the property owner's] confidence and had an undisclosed intent to use the Premises to grow marijuana." *Id.* at 841-42.

[3]   Plaintiff's position would also effectively read out entrustment exclusions as almost every criminal or dishonest act that damages property will have been beyond the scope for which an owner entrusted the property to a tenant.

_____ : _____

Initials of Preparer       PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-01397-SVW-SS | Date | June 16, 2016 |
|---|---|---|---|
| Title | *Yahoo Center v. Liberty Mutual Insurance Company* | | |

assuming that was his representation.[4] Plaintiff merely offers an inadmissible declaration by Manijeh Mozafari, a managing member of Plaintiff, who states that Plaintiff did not know the tenant would use the Subject Property to grow marijuana. Even assuming the admissibility of the testimony as to Plaintiff's knowledge at the outset of the lease agreement, there is no evidence as to the tenant's intention at the outset of the lease agreement.

For the foregoing reasons, the Court finds that the Entrustment Exclusion bars Plaintiff's claim for coverage as a matter of law and Defendant, therefore, did not breach its insurance contract or breach its implied covenant of good faith and fair dealing. Accordingly, the Court GRANTS Defendant's motion for summary judgment in its entirety.

---

[4] While the lease agreement states "online trading" in two separate sections, the first instance is written in the space for which the address of a property would ordinarily be written, and the second is written under four additional rules regarding the tenant's responsibility to pay for certain damages and bills. Under the section of the lease agreement regarding the use of the property, nothing is written.

:

Initials of Preparer

PMC